## PROCEEDINGS CONTESTING AN ELECTION.

Common Pleas Court of Franklin County.

### JOHN F. SEIDEL v. ROBERT P. DUNCAN.

Decided, December, 1914.

*Elections—Contest Proceedings—Claim that an Irregularity Exists Should be Stated with Definiteness—Order that the Ballots be Opened Will Not be Made, Unless—Recount Will Only be Made, When.*

1. In proceedings under the statutes to contest the election of prosecuting attorney, though the grounds thereof need not be stated with the accuracy and definiteness of a pleading in a civil action, still it should be made to appear that an actual claim of irregularity exists, a mere general statement of claims without disclosing a special particular ground of irregularity being insufficient.

2. The court is not warranted in ordering the ballots in to be opened, where it is apparent that the contestant desires the same to be opened and to have a full recount made to discover errors that are not alleged and claimed.

3. The court has no power to open the ballots for an absolute recount before any testimony has been offered as required by statute which may tend to show errors in particular precincts.

*John K. Kennedy,* for plaintiff.
*Franklin Rubrecht,* contra.

KINKEAD, J.

This is a proceeding under Sections 5148, 5153 and 5090-1 of the General Code to contest the election of the above named contestee to the office of prosecuting attorney.

The charges are made in general terms, not particularly setting out specific errors claimed.

Notice has been served as required so that the contest proceeding may be properly considered as pending.

The notice is to the effect that the contestor will proceed to take depositions on the 14th day of December, before Homer Z. Bostwick and Elba W. McCormick, justices of the peace.

The matter now submitted to the court, December 5th, is a motion for an order—

1.  That all of the ballots cast at the election held in Franklin county, Ohio, on the 3d day of November, 1914, for elective officers voted for at said election be brought into open court by the person or persons or board having custody thereof, and that said ballots be opened and recounted, and all errors in counting the same be corrected according to law as pertaining to the candidates for the office of prosecuting attorney.

2.  That the court determine the time and place and a judicious and expeditious plan for opening and correcting all errors in counting said ballots according to law as pertaining to the candidates for the office of prosecuting attorney.

The only power and authority which the court has in contest of elections is derived from the statutes. All of the statutes are to be taken and construed together as constituting the entire scheme of the proceeding, without regard to the date of their enactment. The court can add nothing to the mode of proceeding provided by them; if they are not adequate to the purpose because of defects therein, this fact simply demonstrates the want of power of the court.

Section 5090 has to do with the official count, the matter of the preservation of ballots. The amendment to that section, being 5090-1 (103 O. L., 265), contains a provision as to what shall be done with the ballots in case of contest, viz:

"Provided that if any contest of election shall be pending, at the expiration of said time the said ballots shall not be destroyed until such contest is finally determined. In all cases of contested elections, the parties contesting the same shall have the right to have said ballots opened and to have *all errors in counting corrected by the court or body* trying such contest, but such ballots shall be opened only in open court or in the open session of such body and in the presence of the officers having the custody thereof."

The proceeding to contest the office of prosecuting attorney, as prescribed by the statutes, is to be strictly followed according to the letter of the statute, or of any implied power clearly warranted therefrom.

Depositions are to be taken at the precise times specified, not less than ten days nor more than twenty days from the day of the service of notice of the contest. Section 5149.

The justices may issue subpoenas for all persons who may be expected to testify, and subpoenas *duces tecum* for books, papers, ballots or things relating to the election.   Section 5150.

The provision for subpoenas for ballots can not have relation to the ballots as is requested by the motion now submitted, for the reason that original Section 5090 and as amended Section 5090-1 contain specific and strict provisions for securely sealing them with official wax impression seals in such manner that they can not be opened without breaking the seals, thus securing the secrecy of the ballot until they may be opened in open court for the correction of any errors in counting.

Provision against their ever being opened is ''iron clad'' even before they are burned.

So, in case of a contest, this amendatory law provides that the ballots shall be opened only in open court, and in the presence of the officers having the custody thereof.

It seems clear that it can not be contemplated that the ballots may be used as original evidence in the taking of testimony before the justices.   It is also clear that it was not intended to have the ballots opened by the court before any testimony is taken, and before trial, and that the court itself, or by persons designated can not make an entire recount for the avowed purpose of discovering any errors and having them corrected.   If such had been the purpose, definite provision would have been made.

The justices shall not receive testimony upon any point not named in the notice, according to Section 5151.

The ''points'' specified in the petition for contest and notice are—

1.   That the ballots were not properly counted.

2.   That all the ballots cast were not counted.

3.   Ballots in favor of Sherman were rejected.

4.   Ballots were counted for Duncan which should not have been.

5.   Ballots were counted for Duncan that should have been counted for Sherman.

6.   Sherman received more votes than Duncan.

7.   The result announced and declared is not the true result.

8.   There was improper, irregular and illegal conduct on the part of the election officials in the conduct of the election and

in making the count which prevented Sherman from having a correct count.

9. Ballots cast were not counted according to law.

It can not be expected that the grounds of contest of an election can be stated with the accuracy and definiteness of a pleading in a civil action, but it does seem that there ought to be some more definite and positive claim than the above, although the charges might be regarded as sufficient to lay the foundation for an investigation and the introduction of evidence in the regular way pointed out by statute. But they certainly can not be regarded sufficient to warrant the court, before trial, to open all the ballots in all the precincts and designate persons to make an entire recount. If the court would do so, it would be assuming legislative functions.

It will be conceded that the original ballots are the best evidence, but there is no provision made for an examination of the ballots themselves in taking the testimony before the justices.

This court has no right or power to grant this motion by formulating some sort of a plan or scheme that might be deemed a judicious scheme for examining the ballots for the avowed purpose of ascertaining whether there were any errors, which is the prayer of the motion submitted.

True it is that Section 5153 authorizes the court upon motion of either party to at once take up and determine any matter relating to the contest. But it is without power to take up the matter of opening the ballots for an absolute *recount* thereof, before any testimony has been offered in the way pointed out for taking the same, which may tend to show errors in any particular precinct or precincts.

The court has no power, and is without the means of making an entire recount because there is no provision whatever made for such recount. *State, ex rel,* v. *Graves,* 12 Ohio Law Rep., 296 (90 O. S.), construing Section 5090-1, General Code (103 O. L., 265).

The amendment, Section 5090-1, contemplates that the court may open the ballots and correct all errors therein when *trying such contest,* while Section 5152 contemplates a trial at which time oral testimony may be offered, and depositions taken as provided in civil actions. This provision for the taking of depo-

sitions, as in civil actions, is in addition to the statutory method of taking them before justices of the peace. It also contemplates that corrections may be made by testimony offered at the preliminary proceeding before the justices.

An election contest can not be converted into a recount. This court has no power to order the ballots opened up for an entire recount.

The general grounds for contest stated in the notice, and the requests by counsel made in court and the motion submitted, unequivocally call for an entire recount. There is no provision whatever to authorize any persons whatever to go over and examine the entire vote cast for the office of prosecuting attorney in order to discover evidence of errors.

The court would be making law violative of the secrecy of ballots which has not been made by the appropriate legislative body.

The proposition made by the motion that the court determine a time and place and a judicious and expeditious plan for opening and correcting errors, and the oral suggestion that an agreement be made to select five persons on each side to examine the ballots, is a matter which might appropriately be presented to the Legislature, but not to the court under existing law, because it is *coram non judice.*

The contestor must proceed in the way pointed out by statute. After depositions are taken before the justices, and when the case comes on for trial, if the court finds from such evidence, or from oral testimony taken at trial, that there are any errors in counting the ballots in any precinct or precincts, or if it is of the opinion that there probably are errors, then it may have power to open the particular ballots in a precinct or precincts, and correct all errors therein found.

This, in the opinion of the court, is the power which is conferred on the court in the matter of the contest of election.

The court is without power or jurisdiction to grant the motion and it is therefore overruled.